**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY DEANORE WILKINS, | No. 19-55595 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02048-VAP-E |
| v. | |
| BEN GRIFFIN, Dr., | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| STATE OF CALIFORNIA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Timothy Deanore Wilkins appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick* v. *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Wilkins's action because Wilkins failed to allege facts sufficient to show that defendant Griffin knowingly disregarded an excessive risk to Wilkins's back condition. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**